IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

SHUERT INDUSTRIES, INC., d/b/a
SHUERT TECHNOLOGIES,

      Plaintiff,

vs.

AMD PLASTICS, LLC

      Defendant.

CIVIL ACTION NO._____

**COMPLAINT**

## COMPLAINT

Plaintiff, Shuert Industries, Inc., doing business as Shuert Technologies, a Michigan Corporation ("Shuert" or "Plaintiff") brings this Complaint against Defendant AMD Plastics, LLC ("AMD" or "Defendant"), and hereby alleges and avers as follows:

## PARTIES

1.      Shuert is a Michigan Corporation with its main office at 6600 Dobry Rd. Sterling Heights, MI 48314. Plaintiff is a corporate citizen of the state of Michigan for jurisdiction purposes.

2.      AMD is an Ohio limited liability corporation with its main address at 27600 Lakeland Boulevard, Euclid, OH 44132.

## JURISDICTION AND VENUE

3.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because diversity of citizenship exists and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4.      This Court has jurisdiction over the Defendant because it has sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391.  The Defendant received and used the goods in Ohio and a substantial part of the events or omissions giving rise to the claim occurred in this district.

## FACTUAL BACKGROUND

6.      Shuert is a plastic fabrication company that manufactures a variety of innovative, proprietary, and custom material handling devices.

7.      Specifically, Shuert manufactures trademarked shipping and storage systems called Uni-Pak, Uni-Pallet, Uni-Case, and Yarn-Pak.

8.      Beginning in January of 2020, AMD requested quotes from Shuert for its Uni-Pak products.

9.      On January 16, 2020, Shuert sent AMD Quote No. 33639-1 (Rev) reflecting a cost of $238,241.41 for 1600 Uni-Paks.

10.      A true and correct copy of Quote No. 33639-1 is attached hereto as **Exhibit A**.

11.      On January 17, 2020, AMD sent Shuert Purchase Order Number 1533 for the 1600 Uni-Paks, reflecting the quoted price of $238,241.41.

12.      A true and correct copy of Purchase Order No. 1533 is attached hereto as **Exhibit B**.

13.      A portion of the goods ordered through Purchase Order No. 1533 were shipped on March 16, 2020. These goods were accepted by the Defendant.

14.     Following the March 16, 2020 shipment, Shuert sent AMD Invoice No. 00100427 in the amount of $27,897.41 dated April 16, 2020.

15.     A true and correct copy of Invoice No. 00100427 is attached hereto as **Exhibit C**.

16.     The remainder of goods ordered by AMD through Purchase Order No. 1533 were shipped on April 13, 2020. These goods were accepted by AMD.

17.     On April 13, 2020, Shuert sent AMD Invoice Nos. 00100395 and 00100396, both in the amount of $105,172.00, totaling $210,344.00

18.     True and correct copies of Invoice Nos. 00100395 and 00100396 are attached hereto as **Exhibits D and E** respectively.

19.     On May 27, 2020, AMD sent Shuert Purchase Order No. 1787 for 400 space saver sleeves totaling $7,472.00.

20.     A true and correct copy of Purchase Order No. 1787 is attached hereto as **Exhibit F**.

21.     The goods ordered by AMD through Purchase Order No. 1787 were shipped on June 19, 2020. These goods were accepted by AMD.

22.     On June 19, 2020, Shuert sent AMD Invoice No. 00100999 in the amount of $8,134.60. This amount reflects the amount in Purchase Order No. 1787 plus an additional $662.60 for freight charges.

23.     A true and correct copy of Invoice No. 00100999 is attached hereto as **Exhibit G**.

24.     The requested goods were delivered by Shuert to AMD at AMD's request.

25.     Pursuant to the Invoices, payment was due within 30 days of the invoice date.

26.      Payments for Invoice Nos. 00100395 and 00100396 were due on or before May 13, 2020.

27.     Payment for Invoice No. 00100427 was due on or before May 16, 2020.

28.     Payment for Invoice No. 00100999 was due on or before July 18, 2020.

29.     AMD has failed to make even a single payment on any of the Invoices.

30.     On November 12, 2020, Shuert sent AMD a demand letter requesting payment in full within 10 days, for its failure to pay the past due balance of $246,376.01.

31.     A true and correct copy of the November 12, 2020

32.     To date AMD has failed to pay for the goods, giving rise to the following action:

## COUNT I – BREACH OF CONTRACT

33.     Shuert repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

34.     Taken together, the quotes, purchase orders and invoices formed a legally valid and enforceable contract between Shuert and AMD for the purchase and sale of the goods.

35.     As reflected in contract between the parties, Shuert agreed to provide AMD with the requested goods.

36.     As reflected in the contract between the parties, AMD agreed to pay Shuert the quoted and invoiced price for the goods.

37.     Shuert fully complied with contract by providing the goods.

38.     AMD breached the contract by failing to pay Shuert for the goods.

39.     Shuert has been damaged in the principal amount of $246,376.01 as a result of AMD's breach of the contract between them.

WHEREFORE Shuert demands judgment against AMD on Count I of this Complaint in the total amount of $246,376.01, plus interest, costs of suit, and any and all other relief that this Court may deem appropriate under the circumstances

## COUNT II
## UNJUST ENRICHMENT

40.     Shuert repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

41.     AMD requested that Shuert furnish and deliver the requested goods.

42.     AMD received, realized, and retained a benefit in the form of being able to utilize the goods provided by Plaintiff.

43.     AMD enjoys the use of the goods but Shuert has not been paid for the goods.

44.     Shuert did not deliver the goods as a volunteer, but rather acted with a justifiable expectation of compensation for its labor, equipment, materials and services.

45.     The reasonable value of the goods provided to AMD is equal to or greater than $246,376.01, as evidenced by the Invoices, described above.

46.     Shuert has made demand upon AMD for payment in full.

47.     Although repeatedly demanded to do so by Shuert, AMD has willfully failed and refused to pay for the goods.

48.     It is inequitable for AMD to retain the benefit of Shuert's effort and goods without paying for the value of the benefit conferred upon it.

49.     As a result of Defendant retaining the benefit conferred upon it by Plaintiff without rendering fair and reasonable payment for same, Defendant has been unjustly enriched.

WHEREFORE Shuert demands judgment against AMD on Count II of this Complaint in the total amount of $246,376.01, plus interest, costs of suit, and any and all other relief that this Court may deem appropriate under the circumstances.

WHEREFORE, Shuert respectfully requests that this Court enter an Order granting judgment in its favor and against  AMD on Counts I and II of this Complaint in the total amount of $246,376.01, plus interest, costs of suit, and any and all other relief that this Court may deem appropriate under the circumstances.

BERNSTEIN-BURKLEY, P.C.

By: */s/ John J. Richardson*
Harry W. Greenfield (0003839)
John J. Richardson (0074516)
707 Grant Street, Suite 2200 Gulf Tower
Pittsburgh, PA 15219
Telephone:     (412) 456-8107
Facsimile:     (412) 456-8135
Email: hgreenfield@bernsteinlaw.com
Email: jrichardson@bernsteinlaw.com
*Attorneys for Plaintiff*